UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| KEVIN JACKSON, *Pro Se*, | Case No.: 1:18 CV 437 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CLEVELAND METROPARKS, | |
| | <u>MEMORANDUM OF OPINION</u> |
| Defendant | <u>AND ORDER</u> |


*Pro se* Plaintiff Kevin Jackson filed this action against his former employer, Cleveland Metroparks. In the Complaint, Plaintiff asserts he was terminated from his employment on the basis of his disability and his race, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and Title VII, 42 U.S.C. § 2000e. He does not specify the relief he seeks.

## Background

Plaintiff alleges he began working as a sergeant in the Park Ranger Division of the Cleveland Metroparks in 2008. He states, without explanation, that he was injured on the job in October 2012. He indicates he had surgery in January 2013 and in April 2015. He does not allege what type of injury he sustained, whether his surgeries were related to his injury, or how long he was off from work following these procedures.

Plaintiff indicates that, in November 2015, seven months after his surgery, he began to receive telephone calls and visits at home from management inquiring about his medical status and

when he planned to return to work. He states that, on November 4, 2015, he received a letter informing him he needed to report to work on November 5, 2015 or face termination. He indicates he reported under light duty assignment but was given weekend shifts. He does not explain why weekend shifts did not comply with light duty restrictions.

Plaintiff indicates he complained to his supervisors about his co-worker in December 2015. He alleges he was called into a meeting on January 7, 2016, and learned his employers were investigating an incident that occurred in March 2015, shortly before his second surgery. Plaintiff does not allege in detail what transpired on that date, but it appears he pulled over a vehicle and did not order the occupant out of the car, ignoring indicators suggesting the driver was using or possessing marijuana. On January 14, 2016, he was placed on administrative leave pending a fitness for duty evaluation that included a psychiatric evaluation. He contends he was told he could return to work in February 2016; however, a performance improvement plan was implemented. Plaintiff states that on March 1, 2016, he was notified that he was suspended for five days for the March 2015 incident. He believed the incident was too remote in time to warrant discipline, and filed a grievance. Plaintiff asked if he could use vacation time for the suspension due to the financial hardship an unpaid suspension would cause. He claims his supervisor told him on March 2, 2016, that he could use the vacation time if he agreed to dismiss the grievance; however, the disciplinary action would still appear on his record. If he did not withdraw the grievance, he would not be able to use vacation time to serve a suspension and would have to submit his claim to arbitration.

Plaintiff contends that after this meeting on March 2, 2016, he sustained another injury during physical therapy. He alleges that the pain from the injury as well as the stress from his employment situation caused him to experience chest pain. He went to the hospital and was

2

diagnosed with high blood pressure. He did not return to work. In May 2016, he again received telephone calls and text messages from his supervisors inquiring about his medical condition and asking when he intended to return to work. He indicates his employment was terminated on May 13, 2016.

Plaintiff alleges the Defendants discriminated against him on the basis of his disability and his race, and retaliated against him for complaining about his co-worker. He asserts claims under Title VII and the ADA.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

3

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 513-14, 122 S.Ct. 992, 152 L.Ed.2d 1(2002). Nevertheless, the Supreme Court clarified that a Plaintiff must still meet basic pleading requirements by providing "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570; *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint never rises above the speculative level. The Court is left to guess his race, and the medical condition he believes to qualify as a disability. Furthermore, Plaintiff does not allege any facts to suggest the actions taken against him were motivated by his race or his disability. In fact, he suggests he was

4

disciplined because he complained about a co-worker. Neither Title VII nor the ADA are general civility codes for the workplace. *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000)(Title VII); *Rorrer v. City of Stow*, 743 F.3d 1025, 1046–47 (6th Cir. 2014)(ADA). They do not prohibit all negative interactions between employers and employees, but rather only those that fall within conduct proscribed by the statutes. Plaintiff has not alleged sufficient facts to state a plausible claim for discrimination under Title VII or the ADA. *See* FED. CIV. R. 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations.").

Finally, Plaintiff contends the Defendant retaliated against him in violation of Title VII and/or the ADA. Title VII contains an anti-retaliation provision prohibiting an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation. § 2000e–3(a). Similarly, the ADA also prohibits an employer from "discriminating against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Plaintiff alleges he complained about a co-worker but provides no information about the content of that complaint. He contends his complaint prompted his employer to investigate the March 2015 incident and question his mental health. Plaintiff does not allege sufficient facts to suggest the complaint pertained to an action prohibited by Title VII or the ADA

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is hereby dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 19, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.